HUFF ET AL. *v.* BEAR CREEK MILL Co.

[77 South. 306, Division B.]

1. MASTER AND SERVANT. *Injuries to servant.   Contributory negligence.*

Where the line of shafting which caused the injury and death of a deceased servant was unprotected and uninclosed and, revolving at a high rate of speed, was apt to cause the clothing of persons passing near it to entwine around and throw them upon the shafting, and it was liable in case the belt was being sewed to cause the strings of the belt to strike against the rapidly revolving shaft and jerk and draw a person holding it, upon the shafting, and injure him, and the shafting could have been inclosed and rendered safe at a trifling expense and all danger thus avoided.   In such case the master did not furnish the servant so killed with a safe place to work.

2. SAME.

In such case even though the servant was guilty of contributory negligence, this under our statute would not constitute a defense but would only entitle the master to measure his negligence against the negligence of the employee.

3. DEATH. *Damages.   Adequacy.*

In a suit by a son for the death of his father, an award of fifty dollars was grossly inadequate, where there was no question as to the right of the son of deceased who was entitled to recover one-half of the damages on account of deceased's suffering before death, together with one-half of the value of his expectancy, such amounts being subject only to deductions on account of deceased's contributory negligence.

4. RELEASE.  *Adequacy.  Evidence.*

> Under the evidence in this case the court held that the finding of the jury that the payment of five hundred dollars by the master to the widow of a deceased employee was not in full settlement of her claim for damages, was warranted, such a payment being inadequate for that purpose.

APPEAL from the circuit court of Green county.

HON. R. M. HEIDELBERG, Judge.

Suit by Hattie Moore Huff and another against the Bear Creek Mill Company. Affirmed and defendants appeal and reversed and remanded on plaintiff's appeal, for the purpose of assessing the amount of damages.

The facts are fully stated in the opinion of the court.

*E. W. Breland* and *Stevens & Cook,* for appellants.

*Watkins & Watkins,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellants brought suit against the appellee for the death of Jim Moore, a former husband of Hattie Moore Huff, and father of Earnest Moore. Jim Moore was employed as a laborer by the Bear Creek Mill Company, and was at the time of the injury resulting in his death engaged in assisting the engineer in repairing a pulley belt used in the operation of the mill. Moore was holding the belt and Browning, the engineer, was sewing it together with rawhide strings. The belt was over a revolving shaft, and Moore was sitting or standing on one side of the belt, and Browning was on the other, Moore holding the belt to keep it off the revolving shaft. The shaft was some three or three and one-half feet above the ground floor, and was revolving at the rate of between three hundred and three hundred and fifty revolutions per minute. Moore was either jerked upon the revolving shaft by the belt or by the clothing, it does not clearly appear which, but he was injured by having one of his arms torn off, the other arm broken, his

back broken, and his legs broken. He lived some thirty days from the time of the injury, and died as a result of the injury.

There are four counts in the declaration. The first count charges the company with negligence in undertaking to repair the belt without shutting down the machinery; that if the machinery had been stopped the injury would not have occurred. The second count charges the company with negligence in sewing the belt while so close to the revolving pulley that the thongs or strings with which the belt was sewn became entangled with the revolving shaft and pulled the deceased upon it. The third count charges that it was negligence for the company to use a revolving shaft without having the same properly protected and inclosed; that if the shaft had been properly incased and protected the injury would not have been inflicted. In the fourth count it was charged that it was negligence on the part of the company not to have an engineer at the engine ready to close down the machinery in case of danger, or on discovering the perilous situation of the deceased.

It was pleaded by the defendant, in addition to the general issue, that there was a settlement and release for the sum of five hundred dollars signed and executed by Hattie Moore Huff. There was also a plea that Earnest Moore was not the legitimate son of the deceased, but this plea was withdrawn at the trial and the legitimacy admitted; and also a plea by defendant that Moore's death was proximately caused by his own negligence, and that he was guilty of contributory negligence. The appellant Hattie Moore Huff denied that she signed the release with knowledge of its nature and character, and denied that it was a full and complete settlement of the injury, but claimed that she understood that it was merely a settlement of an insurance liability under a policy held over the life of the deceased, the premiums of which he paid to the company monthly.

There was a verdict for fifty dollars for the appellants, and from this judgment the appellants prosecute an appeal, and appellees a cross-appeal.

There were objections and exceptions to certain evidence tendered in the trial of the cause, and to certain instructions given, but the main contentions center around the questions of the sufficiency of the verdict under the facts, raised on the direct appeal, and, on the cross-appeal, whether there should have been a peremptory instruction for the defendant. Some of the instructions for the defendant below were objectionable, and especially instruction No. 14, but as the jury found in favor of the plaintiffs on the liability, these instructions are not material to the result here. We will first deal with the question of whether there should have been a peremptory instruction for the defendant.

It appears that the line of shafting which caused the injury and death of the deceased was unprotected and uninclosed, and that, revolving at a highly rapid rate, it was apt to cause the clothing of persons passing near it to enwind around, and throw them upon, the shafting, and that it was liable, in case the belt was being sewed in the manner that this one was, to cause the strings of the belt to strike against the rapidly revolving shaft and jerk or draw a person holding it upon the shafting and injure him. It further appears that the shafting could have been inclosed and rendered safe at a trifle of expense and all danger avoided altogether. It further appears that if the engine had been shut down for four or five minutes, it would have been safe, and that no injury would have occurred. It is true that one of the witnesses introduced by plaintiffs, the engineer of the defendant, testified to facts that would tend to show contributory negligence, and testifies to a statement by the deceased subsequent to the injury that it would not have occurred had the deceased obeyed the said engineer when he motioned to stand back. It clearly appears, however, that with the shaft revolving, exposed as it

was, it did not constitute a safe place near which to work. And under our statute whatever the jury may have believed with reference to the truthfulness of this statement, it would not constitute a defense, but would only entitle the defendant to measure the negligence of the master against the negligence of the employee. It follows that the peremptory instruction requested by the defendant was properly refused.

Upon the direct appeal we think the proof warranted the jury in finding for the plaintiff, and that there is no reversible error bearing on the question of liability in the record. The amount of damages, however, is grossly inadequate, and cannot be sustained. There is no contention or dispute as to the right of Earnest Moore, the son of deceased, to recover one-half of whatever damage may be awarded reasonably to compensate the deceased for the suffering, and expense incurred, by reason of the injury during his lifetime, and of the right of the said minor, as son, to recover one-half of the value of the expectancy of the deceased, subject only to such deduction as the negligence, if any, of the deceased may have reduced the damage. On this record we think it could not be reduced to the extent indicated by the verdict.

The jury found for the plaintiff Hattie Moore Huff on the question of compromise and settlement involved in that plea, and we see no reason to disturb the verdict of the jury on this question. The amount paid to her by the defendant was far too small to compensate her for the actual damages, and the case will be affirmed as to liability, reversed as to amount of damages, and remanded solely for the purpose of assessing the amount of damage.

*Reversed and remanded.*